**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

Lee Mark Huggins, Jr., )
          Petitioner, ) Civil Action No.: 4:04-959-CWH
          vs. )
United States of America, ) **ORDER**
          Respondent. )
_____ )

On March 26, 2004, under 28 U.S.C. § 2255 petitioner commenced this pro se action to vacate, set aside, or correct his guilty plea and sentence. On April 8, 2005, the government moved for summary judgment. On April 11, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On June 6, 2005, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

Petitioner was indicted for a single count of conspiracy to distribute crack cocaine in excess of 50 grams. On February 17, 2001, the petitioner pled guilty to this indictment pursuant to a written agreement with the government. On January 17, 2002, the Court sentenced Petitioner to 292 months imprisonment followed by five years supervised release. Petitioner did not appeal his sentence.

In his § 2255 motion, the petitioner alleges the following grounds of error at his plea and sentencing: (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) violation of the right against self-incrimination, (4) prosecution's failure to disclose evidence favorable to

petitioner, (5) violation of the double jeopardy clause, (6) unconstitutionally selected and empaneled jury, and (7) denial of petitioner's right to appeal.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on February 6, 2002. Petitioner, therefore, could have applied for relief under § 2255 until March 6, 2003. Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). He failed to do so.

The petitioner claims that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). This claim is without merit. The Supreme Court held in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). In contrast, "a fact increasing the mandatory minimum (but not extending the

sentence beyond the statutory maximum)" does not implicate Apprendi concerns.  Harris v. United States, 536 U.S. 545, 557 (2002)(plurality opinion)(distinguishing Apprendi and upholding rule in McMillan v. Pennsylvania, 477 U.S. 79 (1986)) (majority opinion)(holding that, under McMillan, a judge may make determinations beyond facts alleged in the indictment or submitted to jury, which raises minimum sentence).

No Apprendi argument can be sustained on these facts.  Under Apprendi, petitioner cannot claim error, because 21 U.S.C. § 841(b)(1)(A)(iii) prescribes that "any person . . . [in violation of] subsection (a) . . . involving . . . 50 grams or more of [crack cocaine] shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." See United States of America v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001).  Here, the petitioner's sentence of 292 months imprisonment does not exceed the statutory maximum.  Therefore, petitioner's Apprendi claim is without merit.

Petitioner alleges that the one year limitation period did not begin running until the Supreme Court rendered its decision in United States v. Booker, 125 S.Ct. 738 (2005).  A petitioner must file an action under section 2255 within one year from the "date on which the judgment of conviction became final[,]" or if later, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

The Supreme Court held that the one year limitation period in section 2255 begins running when the Supreme Court initially recognized the right asserted by the petitioner. Dodd v. United States, 125 S.Ct. 2478 (2005).  For this later date to apply, however, the Supreme Court

must have also made the right retroactively applicable to cases on collateral review. Id.

Petitioner claims the Supreme Court recognized a new right in Booker, and the right was made retroactively applicable. Subsequent to the Booker decision, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397, F.3d 479, 481 (7th Cir. 2005). Consequently, the one year limitation period did not begin to run when the Supreme Court issued its opinion in Booker.

The petitioner fails to show that his action is not barred by the limitation period in section 2255, and the petition is dismissed as untimely.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 6, 2005
Charleston, South Carolina